# ATTACHMENT B

*Particular Things to be Seized*

## I. Information to be Disclosed by Google LLC("Google")

To the extent that the information described in Attachment A is within the possession, custody, or control of Google LLC, for the dates <u>January 01, 2024 through Present</u>, Google is required to disclose the data listed below from the Google Accounts identified in Attachment A above, a CyberTip preservation under Title 18 United States Code, Section 2258A, and the following preservation request under Title 18 United States Code, Section 2703(f): Google Reference Number 108871818

Data from the following Google Products and Services:

1. Google Account subscriber information, as defined in 18 U.S.C § 2703 (c)(2);

2. Google Account recent activity logs and connected devices;

3. Google email messages (Gmail) including drafts and those in the trash;

4. Google Pay- Account information and transactions;

5. Contacts- people contact files;

6. Photos- photos, videos, and albums, and associated metadata;

7. Drive- documents, spreadsheets, presentations and files, and associated metadata;

8. Keep- titles and the notes;

9. Hangouts and Chats- messages, including attachments such as photos;

10. Location History- location data and deletion records;

11. My Activity- searches and browsing history, including activity from Web & App Activity, Google Assistant, and Google Home;

12. Google Voice- Google Voice information, including Google Voice basic subscriber information, call logs, forwarding number, text messages and voicemails;

13. Android- records for Android devices, to include subscriber information, other associated accounts, cellular carrier information, and device/ hardware information;

14. Google Play- Google play purchases made and Google Play applications downloaded

## II. Information to be Seized by the Government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18, U.S.C § 1591 (Sex Trafficking of Children or by force, fraud, or coercion), 2251(a) (Production of Child Pornography), 2252A(a)(5)(B) (Possession of Child Pornography) and 2252A(a)(2) (Receipt or Distribution of Child Pornography), those violations involving AGASHA CARVALHO, for each account or identifier listed on Attachment A, information pertaining to the following matters:

1. All records on the Google LLC account described in Attachment A that relate to violations of Title 18, U.S.C § 1591 (Sex Trafficking of Children or by force, fraud, or coercion), 2251(a) (Production of Child Pornography), 2252A(a)(5)(B) (Possession of Child Pornography) and 2252A(a)(2) (Receipt or Distribution of Child Pornography),

relating to the production, receipt, distribution, and possession of visual depictions of minors engaging in sexually explicit conduct and child pornography, and the aiding and abetting of these crimes, including but not limited to:

a) Child pornography;

b) Child erotica and evidence of access to children;

c) Information, correspondence, records, documents or other materials constituting evidence of or pertaining to child pornography, child erotica, or access to children; or constituting evidence of or pertaining to the production, possession, receipt, distribution, accessing, or transmission through interstate or foreign commerce of child pornography, child erotica, or visual depictions of minors engaged in sexually explicit conduct; or constituting evidence of or pertaining to an interest in child pornography or sexual activity with children;

d) Records or documents evidencing occupancy or ownership of the Apple iCloud and Google LLC account, including utility and telephone bills, email or addressed correspondence;

and

As used above, the terms "records" and "information" includes all forms of creation or storage, including but not limited to any form of computer or electronic storage ( such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

2. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

3. Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

4. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

5. The identity of the person(s) who communicated with the user ID about child pornography including records that help reveal their whereabouts.

6. For the computer or storage medium whose seizure is otherwise authorized by this warrant:

a. evidence of who used, owned, or controlled the Google account at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photos, videos, and correspondence;

b. all photographs, videos, and screen captures stored in the Google account or on any software applications within the Google account, to include Google Drive, Google Photos and Videos, and any locked containers stored within the account;

c. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Google account;

d. evidence of the times the Google account was used;

e. records of or information about Internet Protocol addresses used by the Google account.

f.      records of or information about the DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

g.      contextual information necessary to understand the evidence described in this attachment.

h.      Evidence consisting of photographs and videos depicting violation of federal statute of Sex Trafficking of Children or by force, fraud, or coercion.

i.      Any evidence in violation of the aforementioned federal statutes stored within Cloud based storage.

### III. Method of Service

IT IS ORDERED that, notwithstanding 18 U.S.C. §§ 2251 and 2252A, Google LLC, shall deliver these records in an electronic format, by online law enforcement portal, or by download link sent by electronic mail (e-mail) to the Federal Bureau of Investigation (FBI), Special Agent Jose Rodriguez-Aguilar at JGRODRIGUEZ-AGUILAR@fbi.gov within 10 days of the service of this warrant except as provided below:

If the records contain apparent child pornography, Google LLC, shall not send the records in unencrypted attachment(s) to the government email address listed above; instead, Google LLC, shall send the records in an encrypted format or via online law enforcement portal or in an indirect download link provided by email or other electronic means.

If the aforementioned delivery options are not possible, then Google LLC, shall reduce the records to a compact disk (CD), DVD, Blu-ray disk, USB, or other physical storage device and sent by domestic U.S. Mail or common carrier within 10 days of the service of this warrant

to the following address:

JOSE RODRIGUEZ-AGUILAR

SPECIAL AGENT

FBI BOSTON DIVISION- BANGOR RESIDENT AGENCY

202 HARLOW STREET

BANGOR, MAINE 04401

IT IS FURTHER ORDERED that Google LLC shall supply the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.